IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREEENVILLE DIVISION

**FELECIA BRIDGES**                                                                                 **PLAINTIFF**

**V.**                                                               **CIVIL ACTION NO. 4:22-CV-192-DAS**

**KILOLO KIJAKAZI,**
**ACTING COMMISSIONER OF SOCIAL SECURITY**               **DEFENDANT**

MEMORANDUM OPINION AND JUDGMENT

This cause is before the court on the plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration regarding her application for a period of disability, disability insurance benefits, and supplemental security income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. Docket 11. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law and having heard oral argument, finds the decision of the Commissioner of Social Security should be affirmed.

FACTS

The plaintiff, Felecia Bridges, filed her applications for benefits on April 30 and May 1, 2020, alleging onset of disability commencing in July 1, 2019. The Social Security Administration denied the claim initially and on reconsideration. Following a hearing, the ALJ issued an unfavorable decision on June 29, 2022. The Appeals Council denied the request for review, and this timely appeal followed.

The ALJ determined the plaintiff had the following severe impairments: hypertension, anemia, asthma, peripheral vascular insufficiency, obstructive sleep apnea, obesity, depression, bipolar disorder, borderline personality disorder, and anxiety. The ALJ found she retained the

residual functional capacity (RFC) to perform light work, with the following additional limitations: never climb ladders or scaffolds, but occasionally climb ramps and stairs; occasionally stoop, kneel, crouch, crawl, and drive; occasionally work around humidity and dust, fumes, gases, and odors, but never work at heights or around moving machinery; frequently finger and handle; sustain persistence sufficiently to understand, remember, and carry out tasks and job instructions for two-hour periods in an eight-hour work day; occasionally interact with coworkers and supervisors, but never the general public; and adapt to simple, routine changes in the workplace.

While the plaintiff does not have any past relevant work, the ALJ found, based on the testimony of the Vocational Expert (VE), that there were jobs in the national economy that would fit within her RFC. For example, the ALJ found she can work as a tagger, sorter, and hand bander. These three jobs represent 72,000, 102,000, and 68,000 jobs respectively in the national economy.

## ANALYSIS

The plaintiff argues the ALJ failed to properly consider the medical opinions in this case. She claims the ALJ's assessment of the medical source statements completed by Lawanda Glass, NP, and W. Hall, NP, fails to sufficiently explain the supportability and consistency factors required under 20 C.F.R. § 404.1520c(b)(2). The regulations provide "[t]he factors of supportability and consistency are the most important factors we consider when we determine how persuasive we find a medical source's medical opinions […] to be. Therefore, we will explain how we considered the supportability and consistency factors for a medical source's medical opinions […] in your determination or decision." 20 C.F.R. § 404.1520c(b)(2).

The ALJ found Ms. Glass's and Ms. Hall's objective observations were "generally consistent with the evidence from other medical and nonmedical sources," yet determined their opinions were not persuasive because they were "not supported by their personal examinations of the claimant." The plaintiff points to evaluations by Ms. Glass that she contends support her opinions and remain consistent with the other record evidence; however, the Commissioner argues the record is replete with normal examination findings – which the ALJ discusses – thus providing support and an explanation for his determination that the checklist opinions were not supported by Ms. Glass's and Ms. Hall's personal examinations.

The court finds this is not a situation in which meaningful appellate review of the ALJ's decision-making process is prevented by the lack of an adequate explanation regarding Ms. Glass's and Ms. Hall's opinions. The ALJ's decision contains a thorough discussion of the record evidence from the alleged onset date, which the ALJ determined to be largely consistent with Ms. Glass's and Ms. Hall's treatment records. However, their significantly limiting opinions were not supported by their own records which the ALJ discussed as documenting "improvement in conditions with treatment and no changes indicating worsening on mental status examination." The ALJ's discussion of the record evidence logically supports his conclusion that Ms. Glass's and Ms. Hall's opinions are not supported by their treatment records which garnered support from the record as a whole. The court declines to find the ALJ's assessment of the medical source statements completed by Lawanda Glass, NP, and W. Hall, NP, fails to satisfy the requirements of 20 C.F.R. § 404.1520c(b)(2).

The plaintiff further takes issue with the ALJ's analysis related to the state agency consultants' RFC findings. The state agency consultants determined the plaintiff "retained the ability to perform work related tasks at a reduced range of light exertion." The ALJ found "the

evidence revealed at the hearing level shows that the claimant is *more limited* than determined by the state agency consultants," but the ALJ's RFC finding largely mirrored the state agency consultants' findings. The Commissioner notes the ALJ "did indeed find additional limitations," however, the plaintiff contends the additional limitations have no bearing on her ability to perform the standing and walking requirements of light work. This is significant because medical evidence generated *after* the last state agency review document severe bilateral lower leg edema aggravated by walking or standing as well as shortness of breath and difficulty breathing on exertion.

There is no indication that the ALJ did not consider the records generated after the last state agency review on July 7, 2021. The decision discusses the plaintiff's reports of "intermittent edema and lower leg pain throughout 2021 and 2022" as well as later diagnoses of lymphedema and peripheral venous insufficiency. The ALJ even noted her slow gait and shortness of breath. While it is not entirely clear what additional limitations the ALJ was contemplating when he stated the plaintiff "is more limited than determined by the state agency consultants," his RFC finding did include additional limitations and the decision includes a discussion of the medical evidence the plaintiff argues supports additional standing and walking limitations. Determining the impact of this evidence on the RFC is solely the ALJ's responsibility and is not subject to judicial revision – even where the ALJ's rationale could be subject to alternate interpretations.

Accordingly, the Court finds the ALJ's decision is supported by substantial evidence. Therefore, the decision of the Commissioner is hereby **affirmed**.

**SO ORDERED**, this the 25th day of September, 2023.

                                                      **/s/ David A. Sanders**
                                                      **U.S. MAGISTRATE JUDGE**